**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

AMIAS A.,

              **Plaintiff,**

     v.

**COMMISSIONER OF**
**SOCIAL SECURITY,**

           **Defendant.**

:

    **Case No. 2:25-cv-1031**
    **Chief Judge Sarah D. Morrison**
    **Magistrate Judge Karen L.**
    **Litkovitz**

:

## OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. (ECF No. 6.) Plaintiff filed his Statement of Errors on December 29, 2025. (ECF No. 8.) The Commissioner filed a Memorandum in Opposition. (ECF No. 10.) On June 29, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's non-disability finding. (ECF No. 11.) Plaintiff timely objected (ECF No. 12), and the Commissioner responded (ECF No. 13).

## I.    STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

## II.    ANALYSIS

In his Statement of Errors, Plaintiff asserted that the Administrative Law Judge ("ALJ") erred by improperly evaluating the medical opinions of two reviewing mental health experts (state agency psychologists) and the examining mental health expert, Dr. David NieKamp. (ECF No. 8, PAGEID # 1165.) In particular, Plaintiff argued that the ALJ's rejection of Dr. NieKamp's opinion as inconsistent with and unsupported by the record was not based on, and was in fact contrary to, substantial evidence. (*Id.*, PAGEID ## 1168–71.)

The Magistrate Judge considered Plaintiff's arguments and found that they lacked merit. (R&R, ECF No. 11.) As to consistency, the Magistrate Judge concluded that the ALJ reasonably examined the evidence and explained that Dr. NieKamp's opinion was inconsistent with, *inter alia*, Plaintiff's mostly normal (though fluctuating) mental health, Dr. NieKamp's examination of Plaintiff, and

2

Plaintiff's routine and conservative treatment. (*Id.*, PAGEID ## 1192–96.) As to supportability, the Magistrate Judge observed that Dr. NieKamp's report "simply reiterates [P]laintiff's self-reports without additional explanation or elucidation," such that the ALJ did not err in finding it unsupported (or inconsistent, for that matter). (*Id.*, PAGEID ## 1192, 1196–97.) Therefore, the Magistrate Judge determined that substantial evidence supported the ALJ's evaluation of Dr. NieKamp's opinion. (*Id.*, PAGEID # 1197.)

Plaintiff objects to the Magistrate Judge's findings on the ALJ's consideration of the supportability factor. (ECF No. 12.) Plaintiff insists that the ALJ failed to properly consider that factor by concluding that Dr. NieKamp's opinion was not supported by his own examination of Plaintiff, despite the fact that the examination revealed abnormal responses and errors during clinical testing indicative of Plaintiff's mental health limitations. (*Id.*, PAGEID ## 1200–01.)

Upon *de novo* review, the Court agrees with the Magistrate Judge's reasoning and conclusions. Dr. NieKamp opined that Plaintiff had significant functional limitations in concentration, understanding instructions, and social interaction, among other things. (R&R, PAGEID # 1191–92.) But the ALJ found this opinion at odds with Dr. NieKamp's other observations that Plaintiff, for example, exhibited no "psychomotor agitation or retardation, maintained appropriate eye contact, spoke clearly with good rate and rhythm," and was "able to complete activities of daily living independently." (*Id.*, PAGEID # 1192.) The Magistrate Judge concluded that the ALJ's rejection of Dr. NieKamp's opinion as inconsistent was proper, and

3

the Court agrees. Plaintiff insists that his slow or erroneous performance during clinical testing supports Dr. NieKamp's opinion, but the ALJ and the Magistrate Judge both appropriately considered those results and determined that they were not sufficient. Plaintiff's Objection on this point chiefly reiterates the argument he made to the Magistrate Judge.

The Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.

## III.   CONCLUSION

The Magistrate Judge considered and correctly addressed the issues about which Plaintiff objects. Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 12), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

      **IT IS SO ORDERED.**

      /s/ Sarah D. Morrison
      **SARAH D. MORRISON, CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**

4